UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY CROSSLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:07-CV-0834-M |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on May 11, 2007. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Procedural History: On June 17, 2004, plaintiff Kimberly Crossley ("Plaintiff" or "Crossley") filed an application for disability insurance benefits claiming disability due to her liver transplant in 1995, anxiety, depression, and abdominal pain. (Administrative Record (hereinafter "Tr.") at 205, 212, 227, 251). She alleged a disability onset date of November 1, 2002. (Tr. at 161).

The Administrative Law Judge ("ALJ") conducted a hearing on July 12, 2006 at which Crossley appeared with counsel. (Tr. at 536-554). Crossley testified on her own behalf and the ALJ also heard testimony from a vocational expert, Donna Humphries. *Id.* On September 26, 2006, the ALJ denied Plaintiff's request for benefits, finding that she is not disabled because she retains the residual functional capacity to perform jobs that exist in significant numbers in the

national economy. (Tr. at 21-22).

Plaintiff timely requested a review of the ALJ's decision by the Appeals Council and on April 18, 2007, the Appeals Council denied her request. (Tr. at 3). Therefore, the ALJ's decision became the Commissioner's final decision for purposes of judicial review. *See Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).

Plaintiff filed her federal complaint on May 11, 2007. Defendant filed an answer on July 10, 2007. On December 18, 2007, Plaintiff filed her brief, followed by Defendant's brief on February 14, 2008. Plaintiff filed her reply brief on April 15, 2008.

<u>Standard of Review - Social Security Claims</u>: When reviewing an ALJ's decision to deny benefits, the scope of judicial review is limited to a determination of: (1) whether the ALJ's decision is supported by substantial evidence in the record and (2) whether the proper legal standards were applied in evaluating the evidence. *Castillo v. Barnhart*, 325 F.3d 550, 551 (5th Cir. 2003) (quoting *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990)). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa*, 895 F.2d at 1021-22 (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). In determining whether substantial evidence exists, the court reviews the entire record, but does not reweigh the evidence, retry the issues, or substitute its own judgment. *Villa*, 895 F. 2d 1022 (citations omitted). Where the Commissioner's findings of fact are supported by substantial evidence, they are conclusive. *Perez v. Barnhart*, 415 F.3d 461(5th Cir. 2005).

<u>Discussion</u>: To prevail on a claim for disability insurance or SSI benefits, a claimant

bears the burden of establishing that he or she is disabled, defined as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505, 416.905(a). Substantial gainful activity is defined as "work that [i]nvolves doing significant and productive physical or mental duties; and [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510, 416.910.

The ALJ uses a sequential five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. Under the first four steps, a claimant has the burden of proving that her disability prevents her from performing her past relevant work, but under the fifth step, the burden shifts to the Commissioner to prove there is other substantial gainful activity that the claimant can perform. *See, e.g., Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989). "A finding that a claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In this case, the ALJ proceeded to step five, finding that Plaintiff's status post liver transplant, post-herpatic neuralgia and obesity are severe impairments but that Plaintiff retains the residual functional capacity to perform jobs that exist in significant numbers in the national economy. (Tr. at 14-22). He therefore denied Plaintiff's request for benefits. (Tr. at 22).

Plaintiff alleges several errors by the ALJ. First, she argues that the ALJ's credibility assessment is not supported by substantial evidence.

Specifically, with respect to the ALJ's finding that her testimony was not credible (Tr. at

3

18), Plaintiff argues that the ALJ demonstrated bias against her during the hearing and attacks many of the reasons cited by the ALJ in his credibility determination. As evidence of the ALJ's alleged bias against her, Plaintiff references a portion of the transcript from the hearing before the ALJ in which her attorney asked Plaintiff the reason why doctors believed gastric bypass surgery is necessary to which the ALJ commented "[w]ell isn't that obvious." (Tr. at 38). "[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge unless they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999)(internal quotations and citations omitted). Neither the ALJ's statement here nor the ALJ's conduct during the hearing meets that standard. Therefore, Plaintiff has not offered sufficient evidence of bias to undermine the ALJ's decision.

Plaintiff also claims that the ALJ erred in finding that there is no evidence that she must wear a face mask in public and she claims that her use of a face mask should have been considered by the ALJ in determining her residual functional capacity. With respect to the face mask, the ALJ stated "the record is . . . devoid of any indication that the claimant must wear a face mask when appearing in public for her multiple medical evaluations." (Tr. at 19). The ALJ made reference to a "brief note" from a physician's assistant indicating that Plaintiff was "required to wear a protective mask while in public due to her immunosuppressant therapy status post liver transplant." (Tr. at 16). However, the ALJ also observed that "no mention of any face mask appears in the medical notes from any treating or examining source, although she did wear one to her hearing." *Id*. Plaintiff claims that the ALJ did not consider the physician assistant's

4

note.  However, the ALJ cited the note and properly evaluated it in reaching his decision.  A physician assistant is considered an "other source" under the Social Security regulations (*See* 20 CFR 404.1513(d); 416.913(d)) and, therefore, the ALJ was within his discretion to disregard the note or give it less weight.  In addition, the ALJ excluded Plaintiff from working with the general public and, therefore, accounted for Plaintiff's ongoing immunosuppressant therapy. (Tr. at 20)

Plaintiff takes issue with other conclusions by the ALJ with respect to Plaintiff's daily activities.  Plaintiff's daily activities were properly considered by the ALJ in evaluating her credibility.  *See* SSR 96-7p.  The ALJ concluded that Plaintiff's ability to care for her two children undercut her disability claim.  That conclusion is supported by substantial evidence in the record.  In his decision the ALJ noted the absence of any evidence that she was unable to stand and walk or that she had limitations in her ability to lift/carry/push/pull lightweight objects.  He also observed that her claim at the administrative hearing to be unable to care for herself and her infant children was in conflict with her statements when being evaluated by the consultative psychologist. (Tr. at 19; *see also* Tr. at 279, 541-552).  She told the physician that on a typical day, she gets up, feeds her children, bathes them and dresses them, eats, watches tv, gets out toys for the children, fixes their lunch and watches more tv.  (Tr. at 279).  This inconsistency was properly considered by the ALJ and supports his conclusion that Plaintiff had greatly exaggerated both the nature and severity of her subjective complaints.  *See Hollis v. Bowen*, 837 F.2d 1378, 1381, 1385 (5th Cir. 1988) (inconsistency between claimant's testimony on pain and her daily activities, including cooking and caring for children, supported ALJ's determination that claimant's testimony was not credible).

5

In the Fifth Circuit, an ALJ must give reasons for rejecting claimant's subjective testimony only where the evidence clearly favors the claimant. *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994) (ALJ not required to "follow formalistic rules in his articulation"). The ALJ is required to consider Plaintiff's symptoms and limitations and reach conclusions in light of Plaintiff's allegations and the medical evidence. *Wilson v. Barnhart*, 210 Fed. Appx. 448, 451, 2006 WL 3786117, *2 (5th Cir. 2006) (holding that ALJ properly evaluated Plaintiff's credibility where the ALJ "adequately considered [Plaintiff's] symptoms and claimed limitations, and properly analyzed the findings in light of her allegations and the medical evidence"). Here, the ALJ considered in detail the factors outlined in Social Security Ruling 96-7p for consideration in assessing credibility – Plaintiff's daily activities, Plaintiff's symptoms, factors that precipitate and aggravate those symptoms, the medications prescribed to Plaintiff, and the medical treatment Plaintiff has received. At bottom, the ALJ found the observations in the medical evidence more persuasive than Plaintiff's hearing testimony. Such credibility assessments are entirely within the province of the ALJ. *Falco*, 27 F.3d at 164 ("The ALJ found the medical evidence more persuasive than the claimant's own testimony. These are precisely the kinds of determinations that the ALJ is best positioned to make.")

Plaintiff also challenges the ALJ's findings with respect to her mental ability and ability to concentrate. She claims that the ALJ failed to appropriately consider the fact that she obtained her high school diploma by being placed in special education courses and that the consultative medical examiner rated her general mental ability as "low average." (Tr. at 279, 281). However, neither of these factors establishes disabling mental functioning. Further, Plaintiff has not demonstrated a learning disability which would limit her ability to perform

sedentary work or how the jobs identified by the vocational expert require greater intellectual functioning than her past work as a concession stand worker and daycare provider. *See Perez v. Barnhart*, 415 F.3d 457, 462-464 (5th Cir. 2005) (ALJ"s finding was supported by substantial evidence where Plaintiff had "not shown how his [special education classes] affected his ability to perform the jobs suggested by the VE, or how these jobs require more intellectual ability than did his past relevant work as a painter and oil field worker"). On the issue of Plaintiff's ability to concentrate, she offers only the consultative examiner's finding that she was unable to spell "world" forward and "milk" backward, unable to mentally add 23 and 32, and unable to subtract four from seven. (Tr. at 281). The examiner drew no conclusion with respect to Plaintiff's ability to concentrate and Plaintiff has offered no other medical evidence of any limitations on her ability to do so. In addition, the ALJ excluded "detailed or complicated tasks" from Plaintiff's residual functional capacity. (Tr. at 20). Finally, the ALJ also accepted the testimony of the Vocational Expert, who, when asked to consider a hypothetical person having the same age, educational and vocational background with the ability to perform simple sedentary work not involving the general public, concluded that there were jobs existing in significant numbers in the national economy which Plaintiff could perform despite her impairments. (Tr. at 20 (¶ 5), 21 (¶ 12)). Therefore, the ALJ's decision in this regard is supported by substantial evidence.

 Plaintiff claims that the ALJ's residual functional capacity is not supported by substantial evidence because he did not properly evaluate her obesity. Plaintiff attacks the ALJ's finding that there is no evidence that the she has severe limitations in her ability to stand and walk or in her ability to lift/carry/push or pull and that her obesity was not properly evaluated in relation to these limitations. She also disagrees with his conclusion that Plaintiff's weight gain results from

7

her medical non-compliance to lose weight. The ALJ noted, in his consideration of the credibility factors under SSR 96-7p (specifically, "any measures other than medications used to relieve pain or other symptoms") that Plaintiff was "advised to lose weight and modify diet without apparent compliance." (Tr. at 19). Plaintiff claims that there is no evidence to support the ALJ's statement and no medical evidence to support his opinion. However, the record demonstrates that throughout the relevant period, Plaintiff continued to gain weight, weighing 280 pounds in October 2004 (Tr. at 332), 293 pounds in March 2005 (Tr. at 318), 302 pounds in July 2005 (Tr. at 314); 295 pounds in December 2005 (Tr. at 341); 300 pounds in January 2006 (Tr. at 340); and 320 pounds in May 2006 (Tr. at 364). Therefore, substantial evidence supports the ALJ's decision in this regard. In any event, this one factor in assessing credibility under SSR 96-7p was not determinative and, therefore, it is unlikely that a different finding on this issue would have affected the ALJ's conclusion that Plaintiff's hearing testimony was not entirely credible.

Plaintiff appears to argue that because she is obese, she is necessarily disabled. However, Plaintiff has submitted no medical evidence indicating that her obesity limits her ability to perform basic work activities and none of the examining physicians indicated any such limitations. Plaintiff opines, without support, that her obesity "would effect her ability to stand and walk, as well as her complaints of pain in her knees" and "supports allegations of fatigue, limiting her ability to lift/carry/push and pull items of any significant weight or length of time or on a continuing basis." Plaintiff's Brief at p. 4. Obesity is not a per se disabling impairment and Plaintiff has offered no medical evidence that her obesity actually results in these limitations or any further limitations beyond the sedentary work level found by the ALJ. *See* SSR 02-01p;

*Hames*, 707 F.2d at 165 ("[t]he mere presence of some impairment is not disabling per se").

Finally, Plaintiff argues that substantial evidence does not support the ALJ's finding that her abdominal pain and nausea are not severe impairments. Pain must be "constant, unremitting, and wholly unresponsive to therapeutic treatment to be disabling." *Falco*, 27 F.3d at 163 (5th Cir. 1994). "It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). The determination of whether a claimant is able to work despite some pain "is within the province of the administrative agency and should be upheld if supported by substantial evidence." *Id*. Although the medical records document Plaintiff's complaints of pain, including emergency room treatment (Tr. at 264, 508-509), there is no objective medical evidence to support a finding of pain that is disabling, i.e., constant, unremitting and wholly unresponsive to therapeutic treatment. Therefore, the ALJ's conclusion, after considering Plaintiff's allegations of pain and the medical evidence regarding those complaints, that her abdominal pain and nausea are not severe impairments is supported by substantial evidence . (Tr. at 14-16).

**RECOMMENDATION:**

For the foregoing reasons, it is recommended that the District Court enter its order AFFIRMING the decision of the Commissioner and DISMISSING this action with prejudice. A copy of this recommendation shall be transmitted to counsel for the parties.

Signed this 7th day of November, 2008

*/s/ Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.